Parker, J.
I hold myself bound by the authority of Cullen’s case, and that of Paul Lord, unless I were convinced that those decisions were against law! If solemn and repeated determinations of this Court are to be disregarded, I know not how we are to govern ourselves.
*27 But upon principle, independently of these cases, it appears to me that the common-law doctrine respecting counties may well be extended, by analogy, to the case of states, united, as these are, under one general government.
In this case, however, I see nothing to induce the Court to say that the second taking by Tuttle, at Harvard, was not felonious.
*The point on which the court refused cognizance of [ * 20 j the pirates’ case, mentioned in 3 Inst., was that, the Admiralty having jurisdiction of the offence, there was no danger that the criminals would escape unpunished, (a) In the case at bar, on the contrary, if the defendant is discharged from this indictment, he can be convicted nowhere.
- All that can be inferred from the statute of 13 G. 3 is, that there were doubts, or different opinions, on the question. If there had been a decision against the jurisdiction, it would not have been said that doubts existed, but that the law needed alteration.
Different opinions may have been held also in this country, but the two cases which have been cited (and several others- of like kind are in the recollection of some of the Court) ought to settle the point.
I am satisfied with the verdict, and against granting a new trial.

 Sed vide Nightingale vs. Adams, 1 Show. 91. — Rex vs. Anderson, 2 Russelen Cr. 176.