NEW-YORK, of *Alexander Thompson*, in the event of the failure of the
Nov. 1807. assets of the estate of *Alexander Thompson*, jun. that the
The People judgment, for that reason, is also discharged and re-
v. leased, and that, therefore, the plaintiff is entitled to
Gardner. judgment.(*a*)

     KENT, Ch. J. and SPENCER, J. were of the same opi-
nion.

Judgment for the plaintiff.

## The People *against* Gardner.

Where a per-
son stole a
horse in the
state of Ver-
mont, and fled
into this state,
where he was
apprehended,
with the horse
in his posses-
sion, it was
held, that he
could not be
tried in this
state for the
felony; but
was to be con-
sidered mere-
ly as a fugi-
tive from jus-
tice.

THE prisoner was indicted and convicted of felony at
the sessions in *Washington* county, for stealing a horse.
On the trial, it appeared, that the original taking of the
horse was in the state of *Vermont*, but that the prisoner
was apprehended in *Washington* county, with the horse in
his possession. The question was submitted to the court,
whether the prisoner could be tried and punished in this
state for the felony.

    *Per Curiam.* We are of opinion, that the prisoner
cannot be tried for this offence in this state. When the
original taking is out of the jurisdiction of this state, the
offence does not continue and accompany the possession
of the thing stolen, as it does in the case where a thing
is stolen in one county, and the thief is found with the
property in another county.* (2 *East's Pleas of the Crown*,
774.) The prisoner can be considered only as a *fugi-
tive from justice*, from the state of *Vermont*.

* See contra,
*Tyng's Rep.*
(*Mass.*) *v.* 2.
*p.* 14. the
*Common-
wealth v. An-
drews.*