Brevard, J.
The distinction between local and transitory actions seems to be fully settled. 3 Bl. Com. 294, 384. Local actions regard the possession of lands, &c. Territorial suits must be discussed in the territorial tribunals. Transitory actions follow the person. The propriety of this distinction is doubted in 4 T. R. *8 504. In the case of Moyslon v. Fabrigas, Cowp. 176, Lord Mansa field expressed a doubt, whether if two persons fight in France, and afterwards both come to England, an action would lie, as for a thing done against the King’s peace. The general rule, however, was recognized, that transitory actions may be brought any where. Co. Litt. 261, 282, and 12 Co. 114, support the doctrine. In the case of Rafael v. Verelst, 2 Bl. Rep. 1055, C. J. DeGrey lays it down as a clear distinction, “ that crimes, and the rights of real property, are local, but personal injuries are of a personal nature, and sequun-ter forum, reiand what he further says, may do away the doubt entertained by Lord Mansfield. He says, “ and although in all declarations of trespass, it is laid contra pacem regis, yet it is only matter of form, and not traversable.” The declaration in the present case lays the cause of action, according to the English precedents, at the place where it really happened, “ to wit, at Edgefield, within the jurisdiction of the court.” Therefore it appears, formally by the declaration, that the trespass charged was committed against the peace of this State. I am of opinion the action well lies, for the cause of action stated in the declaration; and that the plea is insufficient, and ought not to be sustained. It has been contended for the defendant, that by demurring, the plaintiff has admitted all the defendant has, in his plea, alleged ; and, therefore, he ought not to have judgment, as it is admitted that the cause of action arose out of the limits of this State, and not within the jurisdiction of the court. A demurrer is a confession of all matters of fact before alleged, — Plow. 18, 50, 85, 172 — ,if they are well pleaded. 5 Com. Dig. 488. In this case the demurrer admits that the cause of action arose in Georgia. This is a matter of fact, appearing by the declaration. But it does not admit that the court had not jurisdiction. This is a'question of law raised by the demurrer, and not a point conceded. A demurrer only admits what is materially alleged, and well pleaded. 7 Yin. Abr. 527. 12 Mod. 578. If the count, plea, &c., be vicious, a demurrer thereto is no confession of the matter alleged. Hob. 164. 1 Salk. 561. It has been further contended, that the demurrer being general, for want of substance, it is necessary to adjudge wpon the whole record, and not upon a particular part of it: that it is proper to trace the vices in the pleadings back to the first fault, and give judgment on that: and that in this case the declaration is defective, in omitting to charge the trespass to have been committed with force and arms, and against the peace of this State. I admit the doctrine insisted on, but I deny the conclusion which has been attempted to be es *9 tablished. I admit, that upon demurrer, either general or special, any matter of substance, although not expressly alleged, may be taken advantage of; and that when a demurrer is joined, the court shall adjudge upon the whole record. 1 Sellen Prac. 335. I am also willing to admit, that at common law, vi et armis et contra pa. cent, were necessary in action's of trespass, as words of substance, and not of mere form. Cro. Ja. 443, 526. 1 Salk. 636. But it is also certain, that by stat. 4 and 5 Ann, c. 16, of force here, the omission of those words is aided upon a general demurrer. 5 Com. Dig. 788, 378. 2 Lord Raym. 085. 2 Wils. 203.
Note. See 5 Binn. 617, Simmons v. The Commonwealth. Held that a person who steals goods in another State, and brings them with him into the State of Pennsylvania, cannot be indicted there for the felony. He must be treated as a fugitive from justice. So by the common law of England, no offence was punishable which was committed without the jurisdiction of the common law. See 13 Co. 53. 3 Inst. 113, 2 East.’s C. L. 772. Although if a man steals goods in one county of England, and carries them into another, he may be indicted in the latter county ; for the possession still continuing in the true owner, produces a technical caption. 1 Hawk. c. 33, sec. 9. 2 do. c. 25, 5, 38, &c. In Massachusetts this doctrine' is extended to different States of the American union. 1 Mass. T. JR. 116. 2 do. 14. In New York it has been otherwise decided, that larcenies committed out of the State cannot be prosecuted within it. 2 Johns. 477, 479. See 9 Johns, 70. People v. Tomkins. *
Upon the whole, my opinion is, that the motion ought to be granted : that the plaintiff is entitled to judgment against the defendant, quod respondeat ouster,