Read, J.,
dissenting. In this case I am unable to concur with my brethren in the legal proposition, that a person stealing property in a sister state or a foreign jurisdiction, and bringing it *374 within the State of Ohio, may be here indicted and punished for the larceny. It is from no over-sympathy with the criminal, but a belief that the law will not authorize this conviction. He may be sent back to the state where the offense was committed and there punished, but not here.
This question is not new. It has been held that larceny committed in one of the United States is not punishable in another, although the thing stolen be brought into the latter state. Such are the decisions in Pennsylvania, New York, Tennessee, and North Carolina. State v. Brown, 1 Hayw. 100; People v. Gardner, 2 Johns. 477; People v. Schenck, Id. 479; Commonwealth v. Simmons, 5 Binn. 617; McCullough’s case, Rogers, 45. To the contrary, the Commonwealth v. Collins, 1 Mass. 115; Commonwealth v. Andrew, 2 Mass. 14; State v. Ellis, 2 Conn.
The State of New York has since provided, by statute, for punishing such possession within her limits, upon which the decision in 11 Wend. 129, was made. True, Judge Savage remarks that it was his opinion such ease might be punished prior to the statute. But it must be recollected that he speaks in reference to himself as prosecutor, as he prosecuted the case of the People v. Gardner, when the court refused to sustain him.
*Upon what principle can such conviction be sustained ? Is it upon a constructive new taking in every state where the thief may be found in the possession of the thing stolen? This principle was applied to the possession of the thing stolen, at common law, in every county where the thief might be found in such possession, to authorize conviction for the original theft, but never as between independent jurisdictions or states. At common law, if a person stole goods in a foreign state, or even in Scotland, Ireland, or the Isle of Jersey, or at sea, and brought them into England, he could not, upon a constructive taking, be punished for theft in England. To meet cases within the united kingdom the statute of 7 and 8 Geo. IV, ch. 29, sec. 76, was passed. Even now, persons stealing within foreign jurisdictions or states, and found in possession of the thing stolen, are not punishable in England. Roscoe’s Crim. Ev. 589; 2 Eng. Crown Cas. 329.
Upon what principle can it be held, in Ohio, that a person found in the possession of a thing stolen in a sister state should be construed to have stolen the thing in Ohio? Not upon the common-law principle, for the common law espressly forbids it. *375 Not upon a statute of this state, for there is none. Shall it be upon usage? This would be a novelty in a state where no man can be punished for a crime unless the offense be specifically defined by a statute of the state prescribing the exact punishment. Shall it be from the necessity of the case lest a rogue escape? Necessity con'ers no criminal jurisdiction, and is the well-known plea of tyrants.
If the conviction can only be sustained upon the ground that the prisoner actually stole the horse in Ohio, the reply is, he actually stole the horse in the State of Illinois. There must be an actual theft in Ohio, to violate our statute and to constitute theft — a taking and carrying away are both necessary. But there is no taking in Ohio. Withouta taking from the owner, there could be no larceny. To supply the want of an actual taking, it is contended that a mere taking is to be construed, from the wrongful possession, into a larceny, in every new jurisdiction where the property may be carried. Upon *which, then, is this prisoner convicted, the construction or the statute? To contend that every moment’s possession and wrongful detention of the stolen property from the rightful owner is, by the law, construed into a new and distinct taking or theft, might authorize the conviction of a man a hundred times for the same theft; for, if they are distinct thefts, conviction in one will be no bar to a conviction for the others. Now, at common law, whence this constructive doctrine is derived, it is only so held to give the count}'- where the thief is taken with the goods, jurisdiction to try and convict him of the one original theft, and this is a bar to any other conviction. The law does not make distinct larcenies by construction, but it is a mere fiction to give jurisdiction to the county. This construction is merely to give jurisdiction, and not to divide it and make one larceny into many; and this, too, merely to try and punish him under the same law which he violated in committing the theft. Apply this to different states, with laws prescribing different punishments for larcenies, and having the right to punish all offenses committed within their limits, and what follows ? You do not, by this construction, give jurisdiction to try the thief under the laws where the theft was committed, but by construction draw the offense to a new jurisdiction, and under a different law prescribing a different punishment.
The construction, then, creates the offense, when the statute only *376 can do it, and creates a crime under a new law, instead of conferring jurisdiction to try tbe accused under the law which he has violated, It amounts to this : that there is a new larceny in each state where the thief may go with the property, and that he may be punished for tbe same larceny as many times as he may have been in different states with the thing stolen; for prosecution and conviction in one state is no bar to a prosecution and conviction in another. And, hence, a sort of custom, usage, or legal inference overturns, not only the principles of common justice, but the fundamental principle that a man shall be punished but once for the same offense. But will it be said, there is a great evil in permitting thieves to *live within our borders in the guilty possession of property which they have stolen in another state? True, but they must be delivered up if demanded ; and it would be very easy for the legislature to pass á law to punish a thief for having in his possession, within this state, goods which he has stolen in another. This the State of Now York has done, and so may every other state; and I trust that our legislature may pass such a law. The question is not whether there should be some law upon the subject, but whether there is any? And, feeling clear that there is none, I hold the prisoner to be confined without legal authority; and, moreover, that this court can not confer such authority. Even if it be doubtful, upon all principles of jurisprudence, that doubt should be resolved in favor of the prisoner. If the state may rely, for conviction, upon the usages of some states in which such convictions have been held to be right, why may not the prisoner rely upon the authorities in other slates where such convictions have been held to be wrong?
No principle of the common law warrants this conviction; no statute authorizes it; and, clearly, no usage or custom- can confer such authority, especially when it violates the soundest principles upon which criminal justice is known to be administered, and authorizes a man to be convicted more than once for tho same offense.
My confidence in my brethren would have induced me, if my convictions as to the law on this subject had not, in my own mind, been perfectly clear, at least to have acquiesced, deferring my doubts, if I entertained any, to their opinion.