## COMMONWEALTH *vs.* JOHN W. RAND.

Bank bills redeemed by the bank that issued them, and in the hands of its agents, are the subject of larceny.

The rule, that where property is stolen in one county and is carried by the thief into another, he may be convicted of larceny in the latter county, applies as well to property which is made the subject of larceny by statute, as to property which is the subject of larceny by the common law.

JOHN W. RAND and Richard L. Rand were indicted for stealing, at Boston, sundry bank bills, to the amount of $4000, belonging to the Quincy Stone Bank. Trial in the municipal court at November term 1843. The jury found John W. guilty, but could not agree as to Richard L. The testimony tended to prove that said bills were bills of said bank, which had been redeemed by the bank, and were in the custody of one of its agents ; that said John W. stole them from said agent in the county of Norfolk, and brought them into Boston. The judge before whom the trial was had instructed the jury, that if they believed the testimony, the said John W. was liable to be convicted in the county of Suffolk. To this instruction the defendant filed exceptions, which the judge allowed ; but as he deemed them immaterial, he awarded sentence, according to the provision in Rev. Sts. *c.* 138, § 11.

*E. D. Sohier,* for the defendant.

*S. D. Parker*, for the Commonwealth.

SHAW, C. J. No question was made at the argument, though it was open on the exceptions, whether bank bills, after they are redeemed by the bank, are the subject of larceny. Bank notes are expressly made the subject of larceny by the Rev.

Sts. *c.* 126, § 17.   Is there any implied exception of bank notes redeemed by the bank issuing them ?    We think not.   The bank, in the present instance, were owners of the paper, which was of some value to be re-issued, and they had the actual possession, by their agent, and the perfect right of possession.   But a consideration of more importance is, that notwithstanding the bills were stolen, yet, on being passed to a *bonâ fide* holder, the bank would have been bound to him for the payment of them, in the same manner as if they had not been redeemed.   The injury to the bank is therefore the same.   *Rex* v. *Clark*, Russ. & Ry. 181    *U. States* v. *Moulton*, 5 Mason, 551.

But the principal question raised was whether, if bank notes were stolen in another county and brought by the thief into this, he could be prosecuted in this.   The general rule was admitted, but it was supposed to apply only to cases of stealing property which is the subject of larceny at common law, and not to extend to bank notes, the stealing of which is made larceny by statute.

We are of opinion that there is no ground for this distinction, either in principle or upon the authorities.   The ground upon which the general rule proceeds is, that it is a larceny in both counties.   In contemplation of law, after the felonious taking, the goods are still the property of the owner, and he has the lawful right of possession ; and therefore, any act of guilty possession and removal is a new and continued larceny.   2 East P. C. 771.   *Commonwealth* v. *Andrews*, 2 Mass. 14.   *Commonwealth* v. *Dewitt*, 10 Mass. 154.   The principle on which this rule is founded extends as well to bank notes, and other property made subject to larceny by statute, as to goods which are the subject of larceny at common law.   In one of the English cases, it appears that where a promissory note was stolen in Yorkshire and carried into Durham, the thief was convicted in Durham.   The point reserved was, not whether he could be convicted on account of the nature of the property, but on account of the lapse of time between the stealing in one county and the detection in the other.   No question was made of the former point.   *Rex* v. *Parkin,* 1 Mood. Cr. Cas. 45.

Perhaps the supposed distinction has arisen out of an exception of this kind, namely, that where the theft committed was not within the jurisdiction of the common law, but the stolen articles were brought into a county, the court would not hold it larceny in such county ; as where the theft was on the high seas, and within the jurisdiction of the admiralty. 1 Hawk. *c.* 33, § 52 So if the theft be in a foreign jurisdiction ; as in Scotland or Ireland. 2 Russell on Crimes, (1st ed.) 1153. Probably it is founded on the notion that the common law cannot take notice of what constitutes larceny under another jurisdiction. But this applies solely to the point, that the *place* of the larceny is not within the jurisdiction of the common law, and does not affect the question, whether stealing such property is larceny by common law or by statute.

It may be proper to add, that it has been repeatedly decided in this Commonwealth, that the law will so far take notice of what constitutes larceny in any State of this Union, that if goods are stolen in another State, and are brought by the thief into this, it is a continuing larceny here, and the thief may be convicted and punished here. *Commonwealth* v. *Cullins*, 1 Mass. 116. *Commonwealth* v. *Andrews*, 2 Mass. 14. So where goods were stolen by two persons in the county of S., and were carried by one of them into the county of C., and afterwards the other followed into the county of C., and there assisted in the custody and disposal of the goods, it was held that both were guilty of larceny in the latter county. *Commonwealth* v. *Dewitt*, 10 Mass 154.

The exceptions are overruled ; but as sentence has already been passed, no further judgment is necessary