THE UNITED STATES

*vs.*

ALBERT MORTIMER.

AT LAW.   DECIDED JANUARY 4, 1845.

*From the Criminal Court of Alexandria County.*

The receiving of stolen goods in this District, knowing that the goods were stolen in another state or jurisdiction, is an offence within the jurisdiction of the District of Columbia.

The defendant was indicted by the Grand Jury of Alexandria County, for receiving stolen goods. The goods were stolen in Maryland, and brought into Alexandria and received by the defendant, who knew them to be stolen. The indictment is in substance :

That Albert Mortimer with force and' arms, at the county aforesaid * * of. the goods and chattels * * before them feloniously stolen, taken and carried away feloniously did receive and have (he the said Albert Mortimer then and there well knowing the said goods and chattels to have been feloniously stolen, taken and carried away) against, &c.

The defendant plead not guilty in manner and form &c.

A juror was withdrawn and the case was *adjourned* from the Criminal Court of Alexandria County to this Court on a question of law.

PHILIP R. FENDALL for the United States.

Wm. L. BRENT for the defendant.

The United States through their attorney offered evidence tending to prove that the goods charged in the indictment to have been stolen in the State of Maryland, that after being so stolen they were brought into the County of Alexandria in the District of Columbia by the person who stole them, and that they were after being so brought into said County received by the prisoner in said County with knowledge on his

part that they were stolen, whereupon, the prisoner through his counsel prayed the court to instruct the jury that the prisoner is entitled to an acquittal.

The question arising on said prayer was whether the receiving in the County of Alexandria of stolen goods, with knowledge on the part of the receiver, that said goods had been stolen in the State of Maryland and which goods were brought as aforesaid by the thief into said County of Alexandria, be an offence within the jurisdiction of the Criminal Court of the District of Columbia.

The following authorities were relied on by the attorney for the United States in support of the indictment.

People vs. Burke, 11 Wendell, 129. (*) This was a case under a New York Statute, but the remarks of Savage, C. J., were as to the general principle under- · lying the case.

Cullin's Case, 1 Mass., 115; Ellis' case, 3 Conn., 185; Andrew's case, 2 Mass., 14; (†) Lord's case, cited in 2 Ibid, 16; Rex vs. Peas, 1 Roots, 69; Somerville's case, 21 Main, 14, cited in Law Magazine, for April, 1844. pp. 206 and 207; Mason's case, May Term, 1823, 2 C. C. C., 410; U. S. vs. Tolson, 1 C. C. C., 269; U. S. vs. Hankey, 2 C. C. C., 65.

The counsel for the defendant offered the following: Tolson's case, December Term, 1805, this was a case in which the prisoner stole a watch in Maryland and brought it to Washington. The prisoner was convicted of larceny. Hankey's case, cited by the attorney for the United States, the prisoner was convicted. A horse was stolen in Maryland and brought to Washington. In the case of Bladen, July Term, 1809, 1 C. C. C., 548, indicted for manslaughter, the blow was given in Alexandria and death occurred in Maryland. Judgment was arrested.

Upon consideration of the authorities cited, the

court held that the receiving in the County of Alexandria, of stolen goods with knowledge on the part of. the receiver that the said goods had been stolen in the state of Maryland, and brought by the thief in said County of Alexandria is an offence within the jurisdiction of the Criminal Court of the District of Columbia, and it is ordered to be certified accordingly.

\* The court in this case says : The statute recognizes the common law, by which the posession of stolen property in contemplation of law remains in the owner, and the thief, therefore, is guilty of theft in every place into which he carries the stolen goods. This primciple applied to the case of property stolen in one State and carried into another State.

† In this case the unanimous opinion the of court affirming the case of Collins was, that the offence charged is the receiving the goods, knowing them to have been stolen. If the principal could be tried and convicted in this county the accessory may be tried and convicted also. The same reason applies to the case of stealing goods in one State and bringing them into another.