The opinion of the court was delivered by
Whitner J.
Where goods stolen in one county have been carried by the offender into another, he may be indicted and convicted in either — for in legal contemplation the continuance of the asportation is a new caption. 1 Hale, P. C., 507; 2 East, P. C., 771.
*114 Although this rule as to larceny at common law is not to he controverted, it is insisted the rule does not apply to horse-stealing being an offence against the statute. This Court has not been able to perceive any good ground for a distinction. The property in the goods is not changed and the law considers them in the possession of the proprietor until he is legally divested: — The continuance of the trespass is as much a wrong as the original taking and therefore the continued possession of the wrong doer is a continued taking and at each moment manifests the same disposition (animum furandi) that prompted the original act.
It is urged that such a rule may subject the party to be twice proceeded against, but such an objection applies equally to each class of cases whether at common law ' or under a statute: I presume however this is a mistaken view and when the question arises I think it will be found the conviction thus had, may be well pleaded in bar in a second prosecution.
In some of our sister States tbe principle has been carried further and held applicable to cases in which property stolen in one State has been carried into another. In a case reported in 2 Mass. 14, Sedgwick J., saw no good reason why if one should offend against the laws of two States he should not- be punished in both, avowing that he “ felt no such tenderness for thieves as to desire that they should not be punished wherever guilty.”
I am not called on however to express any opinion as to such a case.
The objection taken in this case derives force, it has been insisted, from the necessity for legislative aid in the prosecution for a homicide, where the blow had been inflicted in one county of which the party died in another; but in such a case it will be seen there is no continuance of the action as in the case of stealing. The question of difficulty in the instance *115 adduced, until settled by statute, was whether the offender could be reached at all.
The cases of the Commonwealth v. Rand, 7 Met. 475; Rex v. Parkie, 1 Mood. Cr. Cases, 45, are in point.
The motion for a new trial is dismissed.
O’Neall, Wardlaw, Withers and Munro, JJ., concurred.

Motion dismissed.