Denio, Ch. J.
The indictment was sufficient. When the substance of the offence is set out, the jurors may omit a matter of description which they cannot ascertain. (The People v. Taylor, 3 Denio, 91, and cases cited.) If this were not so there would often be a failure of justice. In the case of the stealing of a considerable parcel of bank notes or a quantity of coin, it would frequently, and perhaps generally, happen that the owner would not be able to specify the different kinds of notes or the various species of coin. The desci iption of them as bank notes, and as gold or silver coin, *340 together with a statement of the ownership, with an averment that a more particular description cannot be given, sufficiently identifies the offence to guard the prisoner against the danger of another prosecution for the same crime. But this indictment would be sufficient without any aid from this rule. Two of the notes which the defendant stole, which were of an amount sufficient to constitute grand larceny, were described with particularity; and if it should be granted that the other bills and the coin were not sufficiently described, still they could be spoken of in the testimony among the circumstances attending the offence, though the conviction could only be had as to the property of which there was a sufficietn description. The exception upon this point was not well taken.
As the stolen money was brought by the thieves into the county of Onondaga, the prisoner was legally indicted in that county. This has been the settled law from an early period. (3 Inst., 113; 1 Hale's P. C., 507; The People v. Gardner, 2 John., 477.) Even if the original taking had been in another state or country, and the felon had brought the stolen property into this state, he could now be indicted in any county into or through which he carried it. (2 R. S., 698, § 4; The People v. Burke, 11 Wend., 127.) No distinction arises out of the fact that a burglary was committed where the property was stolen, in Cayuga county. Burglary, when accompanied with larceny, is a compound offence. Under a count for the burglary the prisoner may be convicted of a simple larceny. At the common law the burglary could only have been prosecuted in the county where it was committed, but when accompanied with larceny the latter could be prosecuted in any county into which the prisoner took the stolen property. The same is true of robbery or other compound offences. The principle is well illustrated in the following passage from Hale: “Á. robs B. on the highway, in the county of 0., of goods of only the value of twelve pence, and carries them into the county of D. It is *341 certain that this is larceny in the county of D. as well as in the county of 0-, but it is only robbery in the county of C., where the first taking was; and for robbery he cannot be indicted or apprehended in the county of D., but only in the county of C. But he may be indicted of larceny in the county of D., though the robbery were but of the value of one penny; yet if A. were indicted thereof in the county of C., he should have had judgment of death and been excluded from clergy.” (1 Hale’s P. C., 536.) In these cases the indictment takes no notice of the county where the first taking was, the theory being that the legal possession of the goods remains in the true owner, and every moment’s continuation of the trespass and felony amounts to a new caption and asportation. (1 Russ, on Crimes, 173; 2 Hale, 163; 1 Hawk. P. C., ch. 33, § 52; 4 Bl. Com., 304; 2 East P. C., 771, ch. 16, § 156.) The idea that, in cases of this description, the crime is considered as actually committed in the county where the offender is found with the goods, is very distinctly carried out in the case of Rex v. Parker (1 Russ., 174). An indictment was found in Hertfordshire for stealing four live tame turkeys; and it appeared that they were stolen alive in Cambridgeshire, killed there and carried dead into Hertfordshire; and upon the point being heard, the judges held that though the carrying into Hertfordshire constituted a larceny, yet it was a new larceny there, and a larceny of dead turkeys, and not of live ones.
It was unnecessary, and I think it would have been erroneous, to have set out in the indictment the ofience in Cayuga county. The courts in Onondaga county had no jurisdiction of that transaction, as a distinct offence. It was simply matter of evidence, to characterize what was done in Onondaga, and to show the quality of that act.
The prisoner might, under the statute, have been indicted in Onondaga for the burglary committed in Cayuga. (2 R. S., 727, § 50.) In such a case, I think the indictment must have been special. The burglarious entry could not have *342 been charged to have been made in Onondaga without a vari anee; and if it had stated it to have been made in Cayuga, according to the fact, without a statement that the property had been brought into Onondaga, it would have 'appeared that the courts of the latter county had no jurisdiction to try the offence. The difference between the two cases is this: burglaries may be tried out of their proper counties in certain special cases, that is, where the goods burglariously taken are carried into another county by the offenders; but this is by positive law, anej. not because the burglary was actually committed in the county where the indictment is found, or in judgment of law is considered to have been committed there. The fact must therefore be set out which brings the case within the statute; but in the case of an indictment for a simple larceny, found in a county into which the thief has carried the property stolen in another county, the law adjudges that the offence was in truth committed there, and hence there is no. occasion for a statement in the pleading of what occurred in the other county.
I should not have thought it necessary to say so much upon this part of the case, except for an error which has occurred in reporting the case of Manley v. The People (3 Seld., 295). From that case, as reported, it would appear. that the court held that if the prisoner stole the property in Suffolk county and brought it into the city of New-York, he could not be indicted in that city. But this was not the decision, as is apparent from the printed case used on the argument. There was a question of fact on the trial whether the accused did bring the stolen property to the city of New-York, and the judge charged that if it was stolen in Suffolk county by the accused, and by him brought to New-York, or, if not brought to New-York, if the accused stole it upon i, steamboat while navigating Long Island sound, he was guilty of larceny. This was considered erroneous, on the ground that the sound was not a river, lake or canal, within *343 the meaning of 2 R. S., 727, § 44; and this is all which was decided.
There was no error committed by the Oyer and Terminer m its charge. The testimony of Mr. and Mrs. Harrison and of McDermott’s wife did furnish a strong corroboration of the truth of the account given by the accomplice McDermott. It did not add anything to his testimony on the material point whether the prisoner then on trial was one of the party, and the court did not advise the jury that it did. It was essential for the prosecution to establish the fact that a party of thieves and burglars had gone from Syracuse to Summer Hill and committed this burglary and larceny. This depended principally upon the testimony of McDermott, but it was so corroborated by the evidence of the three witnesses named that it was quite safe to believe it. The court was therefore correct in saying that McDermott was corroborated by these witnesses. The corroboration of that witness upon the other vital point, to wit, the presence and cooperation of the prisoner with the party, was furnished by the evidence touching his connection with the carriage. What was said by the court upon that point is not stated in the bill of exceptions. We must assume that it was correct in law and what was called for by the case.
I am of opinion that no error was committed by the court of Oyer and Terminer, and that the judgment ought to be affirmed.