## THE STATE OF IOWA v. BENNETT.

1. THEFT IN ANOTHER STATE. The stealing of property in another State and bringing it into this State, is not the commencement of an offense in another State and its consummation in this, within the meaning of § 4505, Revision of 1860.

2. BRINGING STOLEN PROPERTY INTO THE STATE. When stolen property is brought into this State, the crime of larceny is completed in any county into which the property is brought by the thief, and he may be therein indicted and convicted.

*Appeal from Wapello District Court.*

TUESDAY, APRIL 7.

THE defendant was indicted for stealing a horse. The Court below charged the jury, that if the horse was stolen by the defendant in the State of Missouri, and brought by him

into Wapello county, that he might be indicted and convicted in this State. This ruling is the error assigned.

A. W. Gaston for the appellant. The bringing of stolen property into this State does not constitute the crime of larceny in the county into which it is brought. 1 Moody, 349; 38 Eng. Com. L. R., 23; The State v. Brown, 1 Hayw., 100; The People v. Gardner, 2 John., 477; The People v. Shenck, Id., 479; Simmons v. The Commonwealth, 5 Binn., 617; McCollogh's Case, 2 Rogers, 45.

C. C. Nourse, Attorney-General, for the State. The bringing of the property into Wapello county by the thief was a part of the felonious act, and a consummation of the offense, and, as such, brings the case within the express provision of § 4505, Rev. 1860. Both the right of property and the possession, in contemplation of law, remained in the owner of the property, and, therefore, every moment's continuance of the wrongful possession by the thief was an original taking or asportation. The Commonwealth v. Cullins, 1 Mass., 116; Same v. Andrews, 2 Id., 14; Same v. Dewitt, 10 Id., 154; People v. Burke, 11 Wend., 129; The State v. Douglas, 17 Maine, 139; Hamilton v. The State, 11 Ohio, 435.

BALDWIN, C. J.—It is first insisted by the counsel for the State, that this ruling of the Court is in consonance with the provisions of section 4505 of the Revision of 1860. By this it is enacted, that—

"When the commission of a public offense commenced without this State is consummated within the boundaries thereof, the defendant is liable to punishment therefor in this State, though he was without the State at the time of the commission of the offense charged; provided, he consummated the offense through the intervention of an innocent or guilty agent within this State, or any other means

The State of Iowa v. Bennett.

proceeding directly from himself; and in such case the jurisdiction is in the county in which the offense is consummated."

We are inclined to the opinion that the offense charged in the case before us does not fall within the provisions of this section. Where property is stolen in the jurisdiction of a sister State, and brought within this, the offense is not commenced in the one and consummated in the other. It is commenced and consummated in the State where the property is taken. If it is an offense punishable by the laws of the State to which the property is taken, it is upon the principle that the continued possession of the property stolen is itself a full and complete larceny. Every act of the thief in the removal of the property and keeping it from the possession of the owner, is, in contemplation of law, an offense. The section referred to appears to contemplate a different class of crimes, such as libel, forgery, obtaining goods under false pretenses, and such offenses wherein the crime is not completed by one act alone, or where there are series of acts in the commission of the offense; and independent of this provision of the statute, we think that the ruling of the Court was correct both upon principle and authority. Prior to the passage of a statute upon this subject, the Courts of New York held the contrary doctrine. See *People* v. *Gardner*, 2 John., 477, and *People* v. *Shenck*, 2 John., 479. Under the Revised Statutes of New York, the principle ruled in the *People* v. *Gardner* was re-examined, and doubts thrown out as to its correctness; and SAVAGE, C. J., stated that he had drawn the bill in the case of the *People* v. *Gardner*, and had always been convinced that the offense existed under the laws. See *People* v. *Burke*, 11 Wend., 129. Such has also been the ruling in Pennsylvania, as declared by a majority of the Court, after elaborate argument, it being held, that in such case the defendant must be acquitted, and be detained to await a

requisition from the State where the offense was committed. See *Simmons* v. *Commonwealth*, 5 Binn., 618. But in Massachusetts the opposite doctrine has been held, and convictions for larcenies in other States where the property has been brought within her limits have repeatedly taken place.

In the case of the *Commonwealth* v. *Andrews*, 2 Mass., 24, DANA, C. J., says: "The principle appears to me well established that the original taking being felonious, every act of possession continued under it by the thief is a felonious taking, and wherever he carries the articles stolen he may there be indicted, convicted and punished for the felony. * * * The same reason which authorizes a conviction in case of stealing goods in one county and bringing them into another, applies, in my mind, to the case of stealing in one State and bringing them into another, viz.: That every moment's felonious possession is, in contemplation of law, a new taking and carrying away."

So, also, the Connecticut Court of Errors, in an opinion which received the unanimous assent of the judges, asserted at an early period the same doctrine. See *The State* v. *Ellis*, 3 Conn., 186. A similar conclusion was arrived at in North Carolina. See *The State* v. *Brown*, 1 Hayw., 100. So in Maryland, *Cummins* v. *State*, 1 Harris & J., 340. In Ohio, *Hamilton* v. *State*, 11 Ohio, 435; and in Vermont, *State* v. *Bartlett*, 11 Verm., 650. In Alabama, Missouri and some other States, the question is settled by statute authorizing a conviction in the State to which the property stolen has been taken.

Mr. Bishop, in his late work on Criminal Law, refers to the conflict of authorities on this question, and shows clearly the fallacy of the reasoning of the judges who hold that the Courts of the State to which the stolen property has been taken cannot take jurisdiction of the offense. He says:

· "Our courts can try all offenses against our laws, and if a man has property in his hands here, they can inquire what legal relation he sustains to this property; and if it came with him from a foreign country, the relation he sustained to it there establishes his relation to it here. This is familiar law, undisputed, practised upon daily in all our tribunals in the ordinary matters of litigation. The proposition that a man is to escape punishment for the violation of our laws because he first violated the laws of a foreign country, is absurd in itself, and mischievous in its practical application. Nothing is plainer than that when a man is found here with property, our Courts will inquire after the owner of it, equally, whether such owner is alleged to be a foreigner or citizen, present personally or absent. Nothing is plainer than that our Courts will protect the right of property, equally whether the property is in the owner's grasp, or wrongfully found in the grasp of the felon. And no principle is better established as a general doctrine than that any physical removal, however slight, of the entire physical substance of the thing alleged to be stolen, to which physical substance the remover has not the right of possession, even though he has it· in his custody, lawfully or unlawfully, is, where the felonious intent exists, larceny. If, therefore, the complete offense is not committed here, by one bringing here from a foreign country personal goods which he has there stolen, using them here as his own, meaning at the same time here to deprive the owner of his ownership therein, then it is impossible for any man, under any circumstances, to do acts completely falling within all the descriptions and definitions given in the books of this offense."

In answer to the objection that it renders the prisoner liable to be twice convicted and punished for one offense, in violation of the spirit of the common law, the author says: "The common law either admits of two convictions in such

a case or it does not; if it does, there is nothing in the objection; if it does not, then the first conviction, in whatever locality it takes place, may be plead in bar of the second. The common law, however, knows no such plea in defense of a prosecution as *liability to an indictment elsewhere.*" 1 Bish. Crim. Law, 596, 597.

Affirmed.