PETITION by the plaintiffs for the application of money brought into court by the defendant, which stated that the goods and chattels of one John Manz, a tenant of theirs, being upon the premises held of them by him by virtue of a demise for the term of three years commencing on the 25th day of March 1868 and ending on the 25th of March, 1871, with the right reserved to them to terminate it in the mean while on one year's written notice in case they should sell the same, under an annual rent of eight hundred 4/100 dollars and payable quarterly, had been seized in execution under certain writs of fi. fa. issued out of this court to the defendant, to wit: No. 224 to May term, 1870, at the suit of Henry Weicksel against the said John Manz, and No. 230 to the same term, at the suit of Daniel Urmy against him and James Ball, and upon which his said goods and chattels and lease and term of the said premises had been sold at sheriff's sale for $2072.76, and at which sale the plaintiffs, W. R. H. Gause, became the purchasers of the unexpired term of *Page 223 
the said Manz in the said premises, and were thereupon put in possession, and still were in possession of them. The rent had theretofore been paid in full to them by Manz up to the 25th day of December, 1869, and that the defendant, as sheriff, had brought of the said amount of said sale, the sum of $815 into court at the present May Term, 1870, pursuant to the provisions of the act in such case made and provided, as it was claimed by the said plaintiffs in the said writs of execution, and also by the said plaintiffs in this petition, W. R. H. Gause, and he was unable to decide which of the said parties were in law entitled to it. The case was heard at the last, but was not decided until the present term of the court.
Nields, for the execution creditors. The petitioners, W. R. H. Gause, claim for one year's rent from the 25th of December, 1869, up to which time the preceding rent had been paid in full to them, under the provisions of the statute in relation to landlords and tenants which secures to a landlord his preference of one year's rent in arrear, or growing due, when the goods and chattels of his tenant are seized and sold on execution process at the suit of another on the demised premises. Rev. Code 429, secs. 60, 61. But the leasehold estate and term for years of the tenant in this case had absolutely merged and sunk completely by operation of law into the reversionary and superior estate of the landlords upon their purchase of the term and taking possession of the premises immediately after the sheriff's sale; and it was, therefore, entirely extinguished by it, which, however, would not have been the case had any other persons purchased it. 4 Kent's Com. 100.Washb. on Real Estate, 354. Adams vs. Vandever, 2 Harr. 397. Wilson vs.Delaplaine, 3 Harr. 499. 2 Johns. 477. A case like this was not contemplated or embraced in the provisions of the statute referred to, for when the term and tenancy is bought in, and is thus completely extinguished by the act of the landlord himself, and the reversion is also terminated and extinguished *Page 224 
at the same time by the act, what is there to sustain the render or accruing of rent after it? Or suppose they had purchased or accepted a voluntary surrender of the term from Manz on the day of sale, but before his leasehold in the premises had been sold, the tenancy and reversion would have been just as effectually and completely extinguished by it; and yet, could they in that event have demanded any rent after that to be paid out of the proceeds of the sale of his goods and chattels in the hands of the sheriff? For his own part he could not see how there could be any such thing as rent when there is no longer a landlord nor a tenant in the case, or how any one can be entitled to rent when he is in the actual and exclusive possession of the premises himself.
Harrington, for the plaintiffs. The words of the statute were broad and general, and intend just what is expressed in it, and that is that in every case in which the goods and chattels of the tenant are seized and sold by virtue of execution process on the demised premises, the landlord in the case of a money rent, shall be paid one year's rent either in arrear, or growing due, out of the proceeds of sale in preference to the execution creditors; and such being the law it certainly covered the present case, if there were no exceptions or limitations expressed in it to take it out of the operation of it. And yet, the claim of the plaintiffs in this case is not without merits independent of the provision of the statute, because by the failure and insolvency of their tenant, they have entirely lost, so far as he is concerned, the rent and profits of the lease for the residue of the term, and even, if they should at once find another tenant for the premises on the same terms, they will still be out of pocket what it has necessarily cost them to buy in the term.
The Court ordered the sum of $203.75 to be paid to the petitioners, the landlords, out of the proceeds of sale of the defendant's goods and chattels for rent growing due up to the time of their seizure and sale by the sheriff. *Page 225